# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CARLOS HERNANDEZ, | Case No. 1:07-cv-180 |
| Plaintiff, | Magistrate Judge Timothy S. Black |
| vs. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'** |
| CITY OF NORWOOD, *et al.*, | **MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

This civil action is before the Court on Defendants' motion for summary judgment (Doc. 20) and the parties' responsive memoranda (Docs 30, 31.) The parties have consented to disposition by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 9.)

## BACKGROUND

Plaintiff Carlos Hernandez ("Hernandez") filed his complaint on March 6, 2007. Hernandez named two Defendants in the lawsuit: the City of Norwood and the Norwood Police Division. He also sued Unknown Police Officers. The essential allegations made by Hernandez in his complaint are that these unknown police officers unlawfully detained him and used excessive force while handcuffing him. Hernandez alleges that both the City of Norwood and the Norwood Police Division (referred to collectively as "Norwood") are also liable for these actions of the unknown officers.

# FACTS

On March 7, 2005, Norwood police officers were dispatched to search for a wanted male Hispanic with outstanding felony warrants. (Doc. 20, Deposition of James D. Roy, Jr. ("Roy depo"), pages 26-27). In response to that dispatch, two Norwood officers, Lieutenant Belleman and Officer Roy, began searching for the suspect in the stated area. (Roy depo, pg. 27). While Officer Roy was patrolling the area, he received a radio call from Lieutenant Belleman stating that he had a possible suspect in sight. (Roy depo, pg. 27). Officer Roy traveled to Lieutenant Belleman's location on Lawn Avenue to assist him. (Roy depo, pg. 28).

When Officer Roy arrived at the scene, Lieutenant Belleman had stopped a man matching the description of the suspect. (Roy depo, pg. 40). Hernandez was ordered to lay down on the ground with his hands above his head. (Doc. 20, Deposition of Carlos Hernandez ("Hernandez depo"), page 28). Once Hernandez voluntarily laid down, Officer Roy handcuffed him. (Roy depo, pgs. 42-43). At no point during the time when Hernandez was being handcuffed, or during the time he was handcuffed, did he ever complain or otherwise indicate that he was in pain or otherwise uncomfortable. (Hernandez depo, pg. 33; Roy depo, pg. 43).

Once Hernandez was handcuffed, the officers did a weapons search and ran his identification through their system. (Roy depo, pg. 44). Once they ran his information through the system, they were informed that Hernandez was not the man who was wanted. (Roy depo, pg. 44). The officers then took the handcuffs off Hernandez. (Roy

depo, pg. 44; Hernandez depo, pg. 34). In total, Hernandez was handcuffed for less than five minutes, and the entire incident lasted less than 15 minutes. (Hernandez depo, pg. 34; Roy depo, pg. 47).

Once Hernandez was uncuffed and given back his identification card, the officers attempted to explain to Hernandez through someone who spoke both English and Spanish what had just occurred. (Roy depo, pg. 47). The officers explained to Hernandez that he matched the description of a suspect, and that was the reason why he was stopped. (Roy depo, pg. 47). They apologized to him for the inconvenience to him and left the scene. (Roy depo, pgs. 47-48).

## STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that

there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505 (1986).

## DISCUSSION

Defendants maintain that they did not violate any of Hernandez's constitutional rights, nor did they commit any tort(s). Even accepting the facts as alleged by Hernandez, the undersigned agrees with the Defendants, and, for the reasons that follow, finds Defendants' motion for summary judgment to be well-taken.

Here, the only named Defendants in Hernandez's complaint are the City of Norwood and the Norwood Police Division. Although the complaint makes allegations of policies that violated Hernandez's constitutional rights, Plaintiff does not specify what policies to which Plaintiff is referring.

When a §1983 claim is brought against a municipality, such as Norwood, there is a two prong test that the Plaintiff must satisfy. First, the Plaintiff must show that his alleged harm was caused by a constitutional violation. Second, if he can state such a constitutional violation, he must evidence that the City is responsible for that violation. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120 (1992). Therefore, in order for Norwood to be found liable, Hernandez must evidence that not only were his constitutional rights violated when he was stopped and handcuffed on March 7, 2005, but also evidence a basis upon which Norwood is liable for those violations.

Moreover, it is a well-settled law that a municipality may not be held vicariously liable for the actions of those it employs in a §1983 claim. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). Therefore, even if Hernandez

would be successful in proving that his constitutional rights were violated by the officers' actions, Norwood is not automatically also held liable simply because of the fact that it employed those officers.

Hernandez must put forth some evidence that demonstrates that his alleged injuries were a result of an unconstitutional policy or custom of Norwood. To further this point, the U.S. Supreme Court went on to hold in *Monell* that:

> A municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory. *Id.* at 691.

Thus, simply referring generally to an alleged policy or custom is not sufficient. Instead, Hernandez must "identify the policy, connect the policy to the City itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Department*, 8 F. 3d 358, 364 (6th Cir. 1993).

Here, while Hernandez argues that The City of Norwood does have a policy and procedural manual, Officer Roy testified that he was not aware of whether there is a policy that requires the City of Norwood to obtain more identifying information such as a name to determine whether the suspect is actually wanted (Roy Depo., p. 49, ll. 23-25, p. 50, ll. 1-2). On this basis alone, Hernandez asserts that because a municipality can be liable for violating U.S.C. Section 1983 if the municipality has failed to adequately train its officers, Norwood is liable here. *City of Canton v. Harris* (1989), 489 U.S. 378, 109 S. Ct. 1197.

Defendants, however, maintain that while *Canton* does hold that under certain circumstances a municipality can be liable for a failure to train its employees, there are certain parameters a plaintiff must meet in order to do achieve such a finding of liability,

and this Plaintiff cannot meet these parameters here.

Initially, *Canton* requires that a plaintiff must show that the municipality's failure to train evidences a "deliberate indifference to the rights of the Plaintiff." *Id.* at 389. With discovery being completed in this case, Plaintiff has produced no evidence of a deliberate indifference by the City of Norwood or Norwood Police Division in its training of Norwood police officers. Plaintiff does not cite any deposition testimony from any supervisors or elected officials.

Second, the Supreme Court in *Canton* held that a "failure to train" claim cannot be satisfied by merely alleging that there is an existing training program that renders a municipality liable. Here, Plaintiff has produced no evidence of an actual policy or training program that allegedly would be unconstitutional.

Here, Plaintiff's argument that Officer Roy's deposition testimony creates evidence of an unconstitutional training program lacks merit. Officer Roy did not testify regarding a specific policy or program that Plaintiff can point to as being unconstitutional. Instead, Plaintiff is attempting to create evidence out of a lack of testimony on the subject. Plaintiff's failure to elicit this testimony – or to provide an expert opinion – is fatal to Plaintiff's effort to avoid entry of summary judgment against him.

Notably, at no point during the testimony cited by the Plaintiff in his brief does Officer Roy get questioned about Norwood policies or training regarding investigative stops. All of the questions posed to Officer Roy were regarding his training with respect to uses of force. (See deposition of Officer James D. Roy, pgs. 16-25). Thus, Officer Roy's

deposition did not produce any evidence about Norwood training procedures for investigatory stops.

As noted by Defendants, it is well-settled law that mere allegations of inadequate training or unconstitutional policies are not sufficient to maintain a Section 1983 claim against a municipality. *Garner v. Memphis Police Department*, 8 F. 3d 358, 364 (6th Cir. 1993) (citing *Coogan v. City of Wixom*, 820 F. 2d 160, 176 (6th Cir. 1987)).

## CONCLUSION

Accordingly, in light of Plaintiff's inability to point to any evidence that could possibly evidence a specific unconstitutional policy or training program, Plaintiff's claims against all Defendants must fail. Because no genuine issues of material fact exist, and Defendants are entitled to judgment as a matter of law, Defendants' Motion for Summary Judgment is hereby **GRANTED**.[1]

**IT IS SO ORDERED.**


**DATE:** April 10, 2009
                                             s/Timothy S. Black
                                             Timothy S. Black
                                             United States Magistrate Judge

---

[1] Furthermore, Hernandez's claims are precluded by the qualified immunity statutorily given to political subdivisions and their employees. *See* Ohio Rev. Code Ann. §2744.03(A); *see also Piro v. Franklin Township* (1995), 102 Ohio App.3d 130; *Farra v. Dayton* (1989), 62 Ohio App.3d 387; *Amborski v. Toledo* (1990), 67 Ohio App.3d 47. Additionally, Defendants assert that they are entitled to summary judgment with respect to Plaintiff's excessive force claim as well as any potential claims against individual officers. Plaintiff's memorandum in opposition does not address these arguments of the Defendants. Accordingly, for the reasons stated in Defendants' motion, the Court finds that Defendants are also entitled to entry of summary judgment against Plaintiff as a matter of law with respect to these claims.